COLLINS et al. v. EDWARD B. SMITH & CO.

(Circuit Court, E. D. Pennsylvania. May 19, 1909.)

No. 24.

APPEAL AND ERROR (§ 1213*)—REVERSAL—EFFECT ON SECOND TRIAL.

Evidence *held* not to differ so materially from that on a former trial of the case as to justify the court in entering a judgment notwithstanding the verdict under the Pennsylvania statute; the appellate court having held, in reversing a former judgment on a directed verdict, that there was an issue of fact which should be submitted to the jury.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1213.*]

At Law. On motions by plaintiff for a new trial and for judgment notwithstanding the verdict.

See, also, 158 Fed. 872.

Burr, Brown & Lloyd, for plaintiff.
Henry C. Boyer and Wm. A. Glasgow, Jr., for defendant.

J. B. McPHERSON, District Judge. The Pennsylvania act of April 22, 1905 (P. L. 286), is as follows:

"That, whenever upon the trial of any issue a point requesting binding instructions has been reserved or declined, the party presenting the point may, within the time prescribed for moving for a new trial, or within such other or further time as the court shall allow, move the court to have all the evidence taken upon the trial duly certified and filed so as to become part of the record, and for judgment non obstante veredicto upon the whole record; whereupon it shall be the duty of the court, if it does not grant a new trial, to so certify the evidence, and to enter such judgment as should have been entered upon that evidence, at the same time granting to the party against whom the decision is rendered an exception to the action of the court in that regard. From the judgment thus entered either party may appeal to the Supreme or Superior Court, as in other cases, which shall review the action of the court below, and enter such judgment as shall be warranted by the evidence taken in that court."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The argument of these motions presented the questions (1) whether under the foregoing statute the court would be justified in entering a judgment for the use plaintiff upon the whole record (his claim being capable of easy liquidation) in spite of the verdict in favor of the defendant; or—a question that is not materially different in effect—(2) whether a new trial should be granted in order that a binding instruction in favor of the plaintiff should be given to another jury. Assuming that the act of 1905 is applicable in the federal courts, both motions may be briefly considered together. Upon a former trial I had already given a binding instruction in favor of the plaintiff for reasons that are explained in 158 Fed. 872; and, as the Court of Appeals afterwards pronounced this instruction to be wrong, and decided that the question of ratification or acquiescence ought to have been submitted to the jury ([C. C. A.] 165 Fed. 148), it is apparent that neither of the pending motions should be granted, unless the evidence offered on the trial now under consideration differed so materially from the evidence offered on the first trial that the conclusion follows with reasonable certainty that the Court of Appeals would now approve an instruction in favor of the plaintiff.

Understanding this to be the proposition that is urged upon my attention, I have examined the notes of testimony taken at each trial, and in my opinion they do not differ so importantly that I can declare with any confidence what impression such differences as may exist would produce upon the minds of the appellate judges. I think, therefore, that my duty is simply to follow their instructions, leaving them to decide for themselves how far, if at all, the situation has been changed.

The motions are refused, and an exception is sealed to the refusal to enter judgment in favor of the plaintiff notwithstanding the verdict.